[See Case No. 18,060.]

## Case No. 18,060.

### WRAY v. RILEY.

[1 Cranch, C. C. 361.] [1]

Circuit Court, District of Columbia.  Nov. Term, 1806.

FOREIGN JUDGMENT—MOTION TO DISCHARGE—SPECIAL BAIL.

In Virginia, special bail in an action of debt upon judgment rendered in one of the other states, cannot be required by the indorsement of an attorney.

Motion by E. J. Lee to discharge the special bail which had been required by an indorsement of the plaintiff's attorney. The action was debt on a judgment recovered in the state of Georgia.

E. J. Lee. The case of judgment is not provided for by the Virginia statute of December 12, 1792, p. 78, in which bail may be required by an indorsement of an attorney. Ruffin v. Call, 2 Wash. [Va.] 181; Bidleson v. Whytel, 3 Burrows, 1548; Belither v. Gibbs, 4 Burrows, 2117; Bowen v. Barnett, Sayer, 160.

Exoneretur ordered.

DUCKETT, Circuit Judge, absent.

[See Case No. 18,059.]

## Case No. 18,061.

### The WREATH.

[29 Leg. Int. 284; [2] 9 Phila. 467.]

District Court, E. D. Pennsylvania.  Aug. 30, 1872.

ADMIRALTY—COMPENSATION OF COUNSEL—ALLOWANCE OUT OF FUND.

[In cases in which a common interest has been promoted by services of counsel which a mere selfish consideration of his client's interest would not have induced him to render, a part or even the whole of his compensation may occasionally be allowed from the general fund arising from the sale of the vessel.]

Allowance of counsel fee under special circumstances.

Samuel S. Hollingsworth, Esq., for libellants.

J. Hill Martin, Esq., for owners of cargo.

BY THE COURT.  The questions which are the subject of disagreement having been argued by counsel, the court unhesitatingly allows the costs, amounting to $334.01. As to the so called charges of counsel, they are not, in this judicial district, allowable in ordinary cases.  In cases in which a common interest has been promoted by services which a mere selfish consideration of the client's interests would not have induced an advocate or proctor to render, the charge of a part or even the whole of the compensation of counsel, may, however, sometimes be proper. [The Apollon] 9 Wheat. [22 U. S.] 379.  The allowance, when made, is on exceptional and extraordinary reasons.  In this case the reasons exist, and are sufficient. The only doubt is, whether the whole or a part only of the amount in question should be allowed.  As it is extremely moderate, and an apportionment would be difficult, I allow the whole.  The proceeds of the vessel and amount of the freight not being sufficient to reach any part of the demand of S. C. Loud & Co., whose libel of intervention was filed on the 6th of July last, the validity of this demand as against any present subject of litigation has not been considered. Bills for towage, $4; surveyor of port, $28; hire of chronometer, $33; H. L. Gregg, $36.-76, having been presented to the clerk, the freight appearing to have been sufficient for their discharge, they are disallowed as claims upon the fund in court, with leave, however, to the respective parties to move the court at any time before final distribution.  The clerk is directed to advertise in two daily papers of general commercial circulation in Philadelphia, and one such paper in New York, that any person having claims upon the proceeds of sale of the vessel must present the same within ten days from the first publication or they will be debarred, &c., such publication to be made twice a week in each paper.